1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7  DAVID MELENDREZ, JR,

8                          Plaintiff,

9            v.

10 MICHAEL ASTRUE, Commissioner of
   Social Security,[1]

11

12                        Defendant.

No.  CV-12-0201-EFS

**ORDER GRANTING DEFENDANT'S
SUMMARY-JUDGMENT MOTION AND
DENYING PLAINTIFF'S SUMMARY-
JUDGMENT MOTION**

13      Before the Court, without oral argument, are cross-summary-

14 judgment motions.  ECF Nos. 15 & 17.  Plaintiff David Melendrez Jr.

15 appeals the Administrative Law Judge's (ALJ) denial of benefits.  ECF

16 No. 5.  Mr. Melendrez contends the ALJ's decision was not supported by

17 substantial evidence and asks the Court to set aside the ALJ's

18 decision.  The Commissioner of Social Security ("Commissioner") asks

19 the Court to affirm the ALJ's decision.

20      After reviewing the record and relevant authority, the Court is

21 fully informed.  For the reasons set forth below, the Court affirms

22

23      [1]  Carolyn W. Colvin became the Acting Commissioner of Social

24 Security on February 14, 2013.  Pursuant to Federal Rule of Civil

   Procedure 25(d), Ms. Colvin is substituted for Michael J. Astrue as

25 the Defendant in this lawsuit.  No further action need be taken to

26 continue this lawsuit.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING
PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 1

1   the ALJ's decision and therefore denies Mr. Melendrez' motion and

2   grants the Commissioner's motion.

3   **A.   Statement of Facts[2]**

4       At the time of the administrative hearing, Mr. Melendrez was 20

5   years old.  ECF No. 11 at 22.  He appeared at both administrative

6   hearings via video.  *Id*. at 11.  Records indicated that Mr. Melendrez

7   had a previous period of disability as a child, beginning May 2, 2006,

8   and ending April 1, 2009, one month before he filed the current claim

9   for benefits.  *Id*.  He has never worked in his lifetime, *id*. at 22,

10  and was considered to have limited education, but had reported

11  education ranging from completion of the 10th grade to graduating high

12  school, *id*. at 21-22.

13  **B.   Procedural History**

14      In May 2009, Mr. Melendrez applied for Supplemental Security

15  Income benefits (hereinafter, "claim for benefits"), alleging

16  disability beginning June 2, 1995, due to antisocial personality

17  disorder and history of attention deficit hyperactivity disorder.  ECF

18  No. 11 at 11.  The claim was denied initially on August 5, 2009, and

19  denied upon reconsideration on February 18, 2010.  *Id*.  Mr. Melendrez

20  then requested an administrative hearing, which was held on June 11,

21  2010, and January 4, 2011, before ALJ Caroline Siderius.  *Id*.  On

22  January 14, 2011, the ALJ denied Mr. Melendrez' claim for benefits,

23  determining that notwithstanding Mr. Melendrez' non-exertional

24  _____

25  [2] The facts are only briefly summarized.  Detailed facts are
    contained in the administrative hearing transcript, the ALJ's

26  decision, and the parties' briefs.

limitations he had the capacity to work as an auto detailer, janitor, or hand packager. *Id*. at 22-23. The Appeals Council thereafter denied Mr. Melendrez' request for review. *Id*. at 1-3.

On April 13, 2012, Mr. Melendrez filed this lawsuit, claiming the ALJ's decision is not supported by substantial evidence. ECF Nos. 1 & 5. On October 19, 2012, Mr. Melendrez filed his Motion for Summary Judgment, ECF No. 15, and on November 30, 2012, the Commissioner filed her Motion for Summary Judgment, ECF No. 17.

**C.    Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).  If the claimant can, the disability claim is denied.  If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis.  The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform.  *Kail v.*

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 4

*Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D.   Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.  *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).  The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [ALJ]

may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).   If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.   Analysis**

Mr. Melendrez raises five main arguments in support of his contention that the ALJ's findings were not supported by substantial evidence.  First, he argues the ALJ failed to properly evaluate mental impairment; second, he contends the ALJ failed to properly assess his residual functional capacity (RFC); third, he states the ALJ failed to make a proper credibility finding; fourth, the ALJ failed to address opinions of state agency non-examining medical consultants; and fifth, he argues the ALJ failed to obtain relevant vocational expert testimony.  Upon review of the entire record, the Court rejects these claims and finds the ALJ's determination that Mr. Melendrez is not disabled is supported by substantial evidence.

First, substantial evidence supported the ALJ's evaluation of Mr. Melendrez' mental impairment.   Mr. Melendrez argues Dr. MacLennan's conclusions were consistent with her examination results, and should not have been discredited by the ALJ.   However, while Mr. Melendrez offers a reasonable interpretation of the record, the Court finds the ALJ's interpretation was also reasonable, and therefore upholds the ALJ's decision. *See Heckler*, 749 F.2d at 579.   The ALJ reasonably found that Dr. MacLennan placed an undue reliance upon Mr. Melendrez' statements, acknowledged that his test results were

1   unreliable and suggestive of symptom exaggeration, and that her

2   opinion was inconsistent with opinions of Dr. Layton and Dr.

3   Underwood.    ECF No. 11 at 21.    These are specific and legitimate

4   reasons for rejecting Dr. MacLennan's conclusions, and are therefore

5   upheld.

6         Second, the ALJ properly assessed Mr. Melendrez' residual

7   functional capacity.    In assessing residual functional capacity, the

8   ALJ considered Dr. Layton's and Dr. Underwood's testimony and

9   assessments and incorporated their opinions into the residual

10  functional capacity by finding Mr. Melendrez was "capable of simple,

11  repetitive 1-3 step tasks, but not detailed work.    He is capable of

12  occasional social interaction with the public and coworkers." ECF No.

13  11 at 19, 22.    Accordingly, the Court finds the ALJ properly

14  translated their conclusions into a residual functional capacity that

15  was consistent with their opinions, and therefore upholds the ALJ's

16  decision.

17        Third, the ALJ offered clear and convincing reasons for finding

18  Mr. Melendrez' statements not credible.    While Mr. Melendrez maintains

19  the ALJ improperly rejected his testimony, the ALJ offered numerous

20  reasons for finding his statements not credible including: the

21  allegations were not supported by objective medical findings, his

22  failure to work was in part volitional, evidence showed inconsistent

23  and exaggerated claims, and Mr. Melendrez had lied about his substance

24  abuse.    ECF No. 11 at 20-21.    The Court finds these reasons were

25  clear, convincing, and supported by substantial evidence, and

26  therefore upholds the ALJ's credibility determination.

1    Fourth, while Mr. Melendrez maintains that the ALJ failed to

2  address opinions of the state agency non-examining medical consultant,

3  Dr. Underwood, as noted above, the ALJ did incorporate Dr. Underwood's

4  testimony and opinion into the finding on residual functional

5  capacity. Accordingly, Mr. Melendrez' fourth reason for reversal is

6  denied.

7    Finally, as to relevant vocation expert testimony, Mr. Melendrez

8  contends the ALJ committed reversible error by not including Dr.

9  MacLennan's or Dr. Underwood's restrictions in the vocational

10 hypothetical. However, as addressed above, the ALJ made proper

11 determinations regarding the credibility of each doctor and properly

12 assessed the medical record. Accordingly, the hypothetical given was

13 supported by substantial evidence, and does not justify reversal.

14 **F.   Conclusion**

15   In summary, the Court finds the record contains substantial

16 evidence from which the ALJ properly concluded, when applying the

17 correct legal standards, that Mr. Melendrez does not qualify for

18 benefits.

19   Accordingly, **IT IS HEREBY ORDERED**:

20   **1.**   Mr. Melendrez' Motion for Summary Judgment, **ECF No. 15**, is

21      **DENIED**.

22   **2.**   The Commissioner's Motion for Summary Judgment, **ECF No. 17**,

23      is **GRANTED**.

24   **3.**   **JUDGMENT** is to be entered in the Commissioner's favor.

25   **4.**   The case shall be **CLOSED**.

26 ///

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING
PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 8

1          **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

2     Order and provide copies to all counsel.

3          **DATED** this  27th  day of November 2013.

4

5                              s/ Edward F. Shea
                              EDWARD F. SHEA
6                    Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING
PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 9